## ELDRIDGE TUCKER et al. *v.* SARAH MUSSELMAN et al.

Where a party is in possession of property under a forthcoming bond which had been given to release the property from a sequestration, the party thus situated cannot be sued for the same property in another court, while the suit in which the property was sequestered is still pending, upon the ground that the property was improperly bonded.

APPEAL from the District Court of East Baton Rouge, *Burk,* J. *Dunn* and *Merrick,* for plaintiffs. *Heron,* for defendants. The judgment of the court was pronounced by

PRESTON, J. The defendant, *Sarah Musselman,* who resides in the parish of East Baton Rouge, was one of the plaintiffs in a suit brought in the parish of East Feliciana against *Rebecca Gayle,* for the recovery of certain movables and slaves described in the petition. The plaintiffs in that suit obtained a writ for the sequestration of the property claimed, which was executed, except as to the slave *Abraham,* who, it appears, had absconded and was subsequently found at the residence of the defendant. A writ then issued in that suit to the sheriff of the parish of East Baton Rouge, commanding him to sequester that slave, which he executed by taking the slave in his possession. After the execution of the writ, *Sarah Musselman* gave a forthcoming bond to the sheriff, and the slave sequestered was delivered to her.

The plaintiffs in this suit are the legal representatives of *Rebecca Gayle,* lately deceased. They have instituted a possessory action for the slave *Abraham,* in the parish of the defendants' domicil.

The defendants excepted to the action on the following grounds: 1. That there exists, pending between the same parties, a petitory action for the negro man *Abraham,* in East Feliciana. 2. That the respondent is in possession of *Abraham,* under a sequestration issued from the parish of East Feliciana; that the defendant in that suit having failed to give bond to release the property from sequestration, the defendants did so, as they were authorized to do under art. 279 C. P. and that they are therefore legally in possession. 3. That the court of East Baton Rouge cannot annul or interfere with an order or decree of the district court of East Feliciana, and can take no action in the premises. These exceptions were sustained, and the plaintiffs have appealed from the judgment dismissing their petition.

It was urged in argument, that the possession of the defendants was tortious, because it did not appear that any notice of the sequestration had been given to the plaintiffs, or that they had the opportunity to release the slave by giving bond. It was also contended that the administrator of *Mrs. Gayle* had no authority to consent, as he did, that the defendants should bond the slave.

These would have been proper inquiries on a rule taken upon the defendants in the petitory action to show cause why the bond taken by the sheriff of the

parish of East Baton Rouge should not be set aside, and the slave restored to their possession upon their giving bond and security as required by law. But this proceeding has not been resorted to ; and so long as the bond remains in force, and represents the slave sequestered, in the court of East Feliciana, the court of East Baton Rouge cannot disregard it or inquire collaterally into its validity. The defendants are entitled to bond the slave if the plaintiffs do not; the possession which they have cannot therefore be taken from them until the plaintiffs not only show their superior right to it, but offer to give, and actually give a forthcoming bond, the amount and validity of which must be determined and passed upon by the court from which the sequestration issued. Upon the plaintiffs' own showing, their action cannot bo maintained.

The judgment is therefore affirmed, with costs.